JOHN A. GILMARTIN ET AL. *v.* LIBERTY MUTUAL INSURANCE COMPANY

SUPERIOR COURT     MIDDLESEX COUNTY     FILE NO. 14435

Memorandum filed March 3, 1961

*Carlos B. Ellis,* of Middletown, for the plaintiffs.

*Brown, Jewett & Driscoll,* of Norwich, for the defendant.

MACDONALD, J. An examination of the two exhibits filed at the argument of this motion discloses clearly that defendant, after a prompt notification to plaintiffs of its intention to proceed under the arbitration clause contained in the insurance policy in question, apparently allowed plaintiffs' civil action to proceed, step by step, in this court without further attempt to select a third arbitrator or without even any suggestion to plaintiffs that arbitration should be followed rather than court action.

Certainly the record of the court proceedings, as reviewed chronologically in plaintiffs' brief, dis-

closes a course of conduct on the part of defendant which led plaintiffs to believe that the original claim for arbitration had been waived and induced them to proceed with the court action—even though the reasons for resulting delays in procedure may have been shared somewhat between the parties.

In *Zapon* v. *Southern New England Contracting Co.,* 10 Conn. Sup. 390, cited by defendant, the court actually sustained plaintiffs' right to proceed with their court action, stating (p. 395): "The plaintiffs here have done all that is within their power to secure a hearing and determination of their claims before the local housing authority, and there is no evidence that the defendant ever urged the housing authority to proceed with such a hearing. Under these circumstances no valid reason exists why the plaintiffs should be required to continue in a futile course, and consequently they are justified in proceeding with their cause of action in the courts. *Bernhard* vs. *Rochester German Ins. Co.,* 79 Conn. 388, 395, 396."

The reference to defendant's possible remedy by moving to stay proceedings does not indicate that such a motion would be granted either on the facts of that case or of this one. Nor is the case of *Bernhard* v. *Rochester German Ins. Co.,* 79 Conn. 388, cited by the court in the *Zapon* case, supra, entirely distinguishable, as claimed by defendant, even though the failure to proceed promptly to arbitration was not entirely the fault of defendant in this case—but rather only partially its fault.

Our Supreme Court has stated in *Batler Building Materials Co.* v. *Kirschner,* 142 Conn. 1, 11: "It is, of course, true that an arbitration clause may be waived by the parties or by the one entitled to its benefit. . . . Thus, unjustifiable delay in seeking arbitration may warrant a finding of waiver. . . .

The same result follows from the going to trial without insisting upon the arbitration condition. . . . It is likewise true that failure to follow the steps agreed upon as a prerequisite to the right to arbitrate may bring about waiver."

To paraphrase the last sentence of the opinion of the court in the *Batter Building* case, supra, 13, it would appear that this court can and should hold as a matter of law, from the chronological facts appearing from the docket and file of this case and from exhibits, that the time between defendant's original demand for arbitration (1955) and the filing of this motion (1960), which was over five years, was unreasonable in view of the fact that the pleadings were closed in 1958, the case claimed to the jury and the jury fee of $50 paid by plaintiffs, the case pretried in New Haven, marked "ready" on the trial list in New Haven many times and, finally, at defendant's own suggestion and by mutual consent, transferred to this county in May, 1960, after which the parties were actually in court and ready to proceed to trial in November, 1960, before this motion was filed.

The motion for a stay is denied.