JOHN W. NAFTZGER *v.* NAFTZGER
AND KUHE, INC., ET AL.
(9853)

O'CONNELL, LAVERY and HEIMAN, Js.

Argued November 6, 1991—decision released February 4, 1992

*Charles Miller,* with whom, on the brief, was *Richard E. Joaquin,* for the appellants-appellees (defendants).

*Paul H. D. Stoughton,* for the appellee-appellant (plaintiff).

LAVERY, J. The defendants appeal from the judgment rendered on December 18, 1990, by the trial court in accordance with an attorney trial referee's report. The attorney trial referee found that the defendants had waived the arbitration clause in the agreement with the plaintiff by failing to seek enforcement of the clause until the end of the hearing before the attorney trial referee. He further found that the defendant H. James Kuhe had defaulted under a modification of a promissory note and recommended that judgment enter in favor of the plaintiff in the amount of $135,267.66 plus costs. In this appeal, the defendants claim that (1) the attorney trial referee lacked subject matter jurisdiction, (2) the plaintiff breached the terms of the parties' agreement by failing to proceed with arbitration as a condition precedent to any litigation, and (3) both the attorney trial referee and the trial court lacked subject matter jurisdiction to decide that the defendants had waived the arbitration provision. The plaintiff has filed a cross appeal challenging the manner in which the attorney trial referee calculated the interest portion of the judgment. We affirm the judgment of the trial court in all respects.

The plaintiff and the defendant Kuhe were equal partners in the named defendant corporation, Naftzger and Kuhe, Inc. On March 4, 1986, the parties entered into a stock redemption agreement. By the terms of their agreement, the plaintiff was to transfer his 50 percent interest in the corporation to Kuhe for a price of $300,000. On March 4, 1986, the parties signed three documents to effectuate the sale: (1) the stock redemption agreement, which set forth terms of the sale; (2) a

consulting agreement, under which the plaintiff was to be paid $120,000; and (3) a promissory note payable to the plaintiff in the amount of $180,000, executed by Kuhe both personally and in his capacity as president of the corporation. The $120,000 compensation pursuant to the consulting agreement was paid in full. The defendants failed to pay the promissory note according to its terms, however, missing the first payment entirely, and making only a single $60,000 payment in July, 1988.[1] The defendants made no further payment on the note. Subsequent to default, the plaintiff demanded payment.

The consulting agreement contained an arbitration clause providing that any dispute relating to the stock redemption agreement, the consulting agreement or the promissory note would be settled by arbitration at the election of either party. The promissory note provided that in the event of default, the defendants would pay interest at 12 percent per annum from the date of default until the balance due under the promissory note had been paid in full, and the defendants would pay costs and expenses of collection, including reasonable attorney's fees.

The plaintiff did not file any notice of an arbitration claim, but on March 29, 1988, filed suit to recover the amount due under the promissory note. A hearing was

---

[1] The promissory note provided in part: "NAFTZGER & KUHE, INC., a Connecticut corporation (hereinafter called the 'Company'), for value received, hereby promises to pay John W. Naftzger, the principal sum of One Hundred Eighty Thousand Dollars ($180,000) in six (6) equal semiannual installments of Thirty Thousand Dollars ($30,000) each, without interest, on the following dates:
March 4, 1988
September 4, 1988
March 4, 1989
September 4, 1989
March 4, 1990
September 4, 1990 . . . ."

conducted before an attorney trial referee on September 13, 1990. After both the plaintiff and defendants presented all their evidence, the defendants' counsel made a demand for arbitration pursuant to the terms of the agreement and moved to dismiss the suit, pending arbitration of the dispute. The attorney trial referee denied the motion to dismiss.

The attorney trial referee filed findings of fact with the Superior Court on November 9, 1990. In the findings of fact, he found that the defendants had waived the arbitration clause by failing to seek its enforcement until the end of the hearing. He further found that the defendants had defaulted on the promissory note and recommended that judgment enter in the sum of $126,000 plus interest from March 4, 1990, at the statutory rate, plus attorney's fees in the sum of $9267.66, plus costs. The trial court thereafter rendered judgment in accordance with the attorney trial referee's report.

The defendants first claim that the attorney trial referee lacked subject matter jurisdiction to hear the case because arbitration was a mandatory prerequisite. The defendants argue that under *Seal Audio, Inc.* v. *Bozak, Inc.*, 199 Conn. 496, 508 A.2d 415 (1986), because this is a jurisdictional claim and not a challenge to a factual finding or conclusion, we may consider the claim. We disagree.

In *Seal Audio,* our Supreme Court examined the challenge to the attorney trial referee system despite the defendant's failure to comply with relevant rules of practice, concluding that the appointment of trial referees is constitutional. Id., 508–509. The court refused, however, to examine the various claims relating to the merits of the factual findings of the attorney trial referee and the subsequent judgment rendered by the trial court. Id., 518.

Here, the defendants concede that a party must comply with Practice Book §§ 438 through 441 in order to seek appellate review of the factual findings and conclusions of an attorney trial referee and trial court's judgment. The defendant did not file a motion to correct the findings of fact pursuant to § 438, nor did he file exceptions to the report pursuant to § 439. Likewise, the defendant failed to file an objection to the trial court's acceptance of the report pursuant to §§ 440 and 441.

"[T]he defendant is precluded from effective appellate review by its failure to file a motion to correct the report of the referee pursuant to Practice Book § 438 or an objection to acceptance thereof pursuant to Practice Book § 440." *Seal Audio, Inc.* v. *Bozak, Inc.,* supra. Although the defendants have couched their claim in terms of lack of subject matter jurisdiction, it is in reality a challenge to the attorney trial referee's factual finding that the parties had waived their right to arbitration. Such a claim cannot prevail, especially in light of the fact that the defendants have disregarded the rules of practice. "A litigant cannot wholly ignore established procedures for the protection of its rights, as this defendant has done, and hope to receive on appeal the same treatment accorded to those who follow the rules of practice." Id.

It is undisputed that the agreement contained a provision requiring arbitration of disputes. As in any contract provision, the parties may waive an arbitration provision. *Giulietti* v. *Connecticut Ins. Placement Facility,* 205 Conn. 424, 432, 534 A.2d 213 (1987). Indeed, "an arbitration clause may be waived by the parties or by the one entitled to its benefit. . . . The same result follows from going to trial without insisting upon the arbitration condition." (Citations omitted.) *Batter Building Materials Co.* v. *Kirschner,* 142 Conn. 1, 11, 110 A.2d 464 (1954); *Giulietti* v. *Connecticut Ins. Place-*

*ment Facility,* supra. "Our review of the trial court's determination is guided by the principle that, because waiver and estoppel are questions of fact; *New York Annual Conference* v. *Fisher,* 182 Conn. 272, 300, 438 A.2d 62 (1980); we will not disturb the trial court's findings unless they are clearly erroneous. *Pandolphe's Auto Parts, Inc.* v. *Manchester,* 181 Conn. 217, 221–22, 435 A.2d 24 (1980)." *Hanover Ins. Co.* v. *Fireman's Fund Ins. Co.,* 217 Conn. 340, 350, 586 A.2d 567 (1991).

In this case, both parties had participated in the litigation process from March, 1988, to September, 1990, without seeking enforcement of the arbitration provision.[2] Finally, after a full day's hearing that included the presentation of all evidence by both parties, the defendants' counsel sought enforcement of the arbitration provision, presumably after determining that the hearing was not going as he had hoped it would. "We have made it clear that we will not permit parties to anticipate a favorable decision, reserving a right to impeach it or set it aside if it happens to be against them, for a cause which was well known to them before or during the trial." *Krattenstein* v. *G. Fox & Co.,* 155 Conn. 609, 616, 236 A.2d 466 (1967); *Diamond Fertiliser & Chemical Corporation* v. *Commodities Trading International Corporation,* 211 Conn. 541, 553, 560 A.2d 419 (1989); *Seal Audio, Inc.* v. *Bozak, Inc.,* supra, 517. In the present case, there was ample support for the attorney trial referee's finding that the defendant had waived the arbitration provision.[3] Because the trial

[2] At oral argument, counsel for both parties stated that they had consented to litigate their dispute prior to the hearing before the trial referee on September 13, 1990.

[3] We also note that the defendant gladly consumed the time of the attorney trial referee and the judicial system until he sought enforcement of the arbitration provision. Such a tactic is not in accord with the policy of efficient use of judicial resources. See *Souper Spud, Inc.* v. *Aetna Casualty & Surety Co.,* 5 Conn. App. 579, 582, 501 A.2d 1214 (1985), cert. denied, 198 Conn. 803, 503 A.2d 172 (1986).

court properly rendered judgment that the arbitration provision was waived by the parties, we need not reach the defendant's remaining claims.

In his cross appeal, the plaintiff has similarly failed to comply with the requirements of Practice Book §§ 338 through 441. Because the plaintiff did not comply with the rules of practice regarding appellate review of the factual findings and conclusions of the attorney trial referee and the judgment of the trial court, we decline to review his cross appeal.

The judgment is affirmed.

In this opinion the other judges concurred.