[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION TO DISMISS (#104)
The defendants have moved to dismiss this action on the following grounds: 1) the court lacks jurisdiction because the case is required to be submitted to arbitration, and 2) because the issues contained herein have been decided in an earlier arbitration between the parties, and are, therefore, res judicata.
The ground of res judicata is not properly raised on a motion to dismiss. Res judicata is a special defense, which must be specially pleaded according to Practice Book 164.
Where the parties have entered into a collective bargaining agreement which requires that disputes be submitted to arbitration, the courts have held that satisfaction or waiver of the arbitration agreement is a condition precedent to bringing an action at law. See Trigila v. Hartford, 217 Conn. 490,494-95 (1991); Daley v. Hartford, 215 Conn. 14, 23 (1990). "[I]f a party's right to bring suit is validly conditioned on an CT Page 6007 award of arbitrators or appraisers . . ., the courts will not take jurisdiction of his suit until he has complied with the condition precedent." Sylvia Construction Co. v. BJR Construction, Inc., Superior Court, Judicial District of Hartford/New Britain at Hartford, Docket No. ___ (January 23, 1991). However, "an arbitration clause may be waived . . . ." Giulietti v. Connecticut Ins. Placement Facility,205 Conn. 424, 432, 534 A.2d 213 (1987); Naftzger v. Naftzer Kuge, Inc., 26 Conn. App. 521, 525, ___ A.2d ___ (1992).
Arbitration is a condition precedent to this action according to the terms of the lease in question.
However, the court must determine whether the provision has been satisfied, waived, or excused. The defendants state in their memorandum in opposition to the motion that "this dispute has already been submitted to an arbitration tribunal and a final judgment rendered." Although the plaintiff attached to its brief a copy of what purports to be an arbitration decision, no evidence of arbitration was presented. Where there is a disputed issue of fact critical to the determination of a motion to dismiss, due process requires that an evidentiary hearing must be held. See Bradley's Appeal from Probate,19 Conn. App. 456, 461-462, 563 A.2d 135 (1989).
Accordingly, the court will reassign this matter for an evidentiary hearing on the issue of prior arbitration.
Schaller, J.