[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
Plaintiff brings this action, pursuant to Conn. Gen. Stat. 52-410, to compel the defendant to arbitrate disputes arising under certain agreements of the parties.
The facts are as follows: plaintiff Brownstone Pharmacy, Inc. is the surviving corporation of the merger of Allcare Medication Services, Inc. (hereinafter Allcare) and Brownstone Consulting Group, Inc. Allcare is engaged in the institutional pharmacy business providing various pharmaceutical services to such care-giving facilities as nursing and group homes and hospitals. In 1991 Allcare entered into four agreements to provide such services to four such facilities of Mediplex of Connecticut, Inc. (hereinafter Mediplex of Connecticut). These agreements all contained the following obligation to arbitrate: CT Page 1856
 Section 6.7: Any disputes which may arise with regard to the terms, conditions, operation or interpretation of the Agreement and which cannot be resolved between the parties shall be referred to arbitration to be conducted in accordance with the rules of the American Artitration [Arbitration] [sic] Association, . . . .
The agreements expire according to their terms in October 1994. Mediplex of Connecticut, unilaterally terminated the agreements in July 1993. On November 1, 1993 plaintiff, claiming a breach, initiated arbitration proceedings by filing its demand with the American Arbitration Association. When defendant has refused to arbitrate, plaintiff initiated this action on December 3, 1993 to compel arbitration.
Prior to the start of this action, in September, 1993, plaintiff brought action against Jack Ziskin and the Mediplex Group, Inc. (hereinafter referred to as the Ziskin action), claiming tortious interference with its business relationships by defendant's breaching and inducing the breach of employment contacts, illegally obtaining customer lists, and violating the Uniform Trade Secrets Act, (Conn. Gen. Stat. 35-50, et seq.). In that action plaintiff seeks injunctive relief and damages.
The defendant Mediplex Group, Inc. (hereinafter Mediplex Group) is alleged to be a Massachusetts corporation engaged in the institutional pharmacy business in Connecticut. The Third Count of the complaint in that action against Mediplex Group only, alleges plaintiff and Mediplex Group entered into the same four pharmacy agreements (hereinafter Pharmacy Agreements) referred to in this arbitration action, Mediplex wrongfully terminated those agreements, and induced plaintiff's employees to leave plaintiff and work for Mediplex Group, all with the intent to cripple plaintiff's business, to obtain plaintiff's trade secrets and to pirate plaintiff's customers.
Defendant opposes this application to compel arbitration on the ground that plaintiff, because of the Ziskin action, waived its right to arbitrate disputes arising under the Pharmacy Agreements. The law, as defendant contends, is that "an arbitration claim may be waived by the parties or by the one entitled to it benefits." Better Building Materials vs. CT Page 1857 Kirschner, 142 Conn. 1, 11 (1954). Waiver can result from undue delay in requesting arbitration, by failure to follow procedure for claiming arbitration, and by going to trial without insisting on arbitration. Waterbury Teachers Association v. Waterbury, 164 Conn. 426, 435 (1973). In Giuletti v. Connecticut Ins. Placement Facility, 205 Conn. 424
(1987), involving an insurance policy clause providing for determination of loss by appraisers, the court noted that such a clause was equivalent to an agreement to arbitrate, and held when the plaintiff proceeded to a jury trial on the amount of their loss, they waived their rights under the appraisal claims. Likewise, in Naftzger v. Naftzger and Kuhe, Inc.,26 Conn. App. 521 (1992) involving a consulting agreement providing for arbitration of disputes related to stock redemptions, when the defendant demanded arbitration after the parties had presented all the evidence in a court proceeding, the court found the defendant had waived that right.
However, the law is also clear that where a court action and an arbitration are for different purposes and involve different issues the prior court action does not constitute a waiver of or bar the right to arbitrate. In Fishman v. Middlesex Mutual Assurance Company, 4 Conn. App. 339 (1985) plaintiff sued the defendant insurance company to compel arbitration under a provision of a homeowner's policy and, in a separate action, sued for damages for a loss under the policy. The court noted the court damage suit was to preserve plaintiff's rights against a one year statute of limitations, and since it was brought for a valid purpose, it was not vexatious or oppressive and so the prior pending action rule could not be invoked to bar the action compelling arbitration.
That rule is one of justice and equity, always applicable where two suits are "virtually alike" Henry F. Raab Connecticut, Inc. v. J. Fisher Co., 183 Conn. 108, 112 (1981). "When, however, the purposes of the two actions and the issue to be determined by them are different, the rule does not apply." Nielsen v. Nielsen, 3 Conn. App. 679, 682 (1985).
The instant action is by plaintiff against Mediplex of Connecticut. The Ziskin action is by plaintiff against Mediplex Group, a Massachusetts corporation. Although the complaint in the Ziskin action alleges Mediplex Group does business in Connecticut and executed the Pharmacy Agreements CT Page 1858 with plaintiff, Mediplex of Connecticut and Mediplex Group are separate corporations and so different defendants in the two actions.
In the instant case plaintiff seeks arbitration to resolve a dispute arising out of a claimed breach of the Pharmacy Agreements. In the Third Count of the Ziskin action plaintiff alleges breach of those agreements but they are alleged as part of the pattern of tortious interference by defendant Mediplex Group with plaintiff's business relations by inducing breaches of plaintiff's contracts with its employees, illegally obtaining trade secrets, and pirating plaintiff's customers. The fact there is some "overlapping" of issues does not mandate applying the rule of prior pending action. Solomon v. Aberman, 196 Conn. 359, 384
(1985).
In the Ziskin action, plaintiff is seeking an injunction to prevent continuance of the tortious interference with its business. In the instant action to compel arbitration and in the arbitration proceedings itself plaintiff could not obtain that relief.
Thus, the two actions involve different defendants, raise different issues, and are for different purposes.
This court concludes the pendency of the Ziskin action does not bar this action to compel arbitration and does not constitute a waiver of plaintiff's right to arbitration under the provisions of the Pharmacy Agreements. Accordingly, this court orders the defendant to proceed with the arbitration in compliance with this agreement.
R. Satter, STR.