[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
CT Page 9931
ON MOTION FOR ORDER COMPELLING ARBITRATION AND FOR STAY PENDING ARBITRATION # 143
The plaintiff, Premier Roofing Company, Inc. ("Premier"), commenced this action against Insurance Company of North America ("INA") by complaint dated January 6, 1993. In its revised amended complaint dated September 15, 1995, Premier alleges that INA breached its statutory duty as a surety pursuant to General Statutes § 49-42 and violated the Connecticut Unfair Trade Practices Act, General Statutes § 42-110a et seq., by failing to respond to Premier's claim in good faith.
This action arises out of a dispute between the parties regarding INA's obligation to pay Premier for work performed, pursuant to a construction contract. Premier entered into a subcontract with Saturn Construction Co., Inc. ("Saturn"), a general contractor with the state of Connecticut for a construction project known as the Western Connecticut Correctional Center located in Newtown, Connecticut. Under the subcontract, Premier agreed to perform certain roofing work on the project. Pursuant to the general contract, INA provided a labor and materials payment bond for the project, under which INA was surety, Saturn was principal, and the state was obligee.
During the course of the project, a dispute arose regarding Saturn's nonpayment to Premier for roofing work completed. On March 16, 1992, Premier brought a breach of contract claim in arbitration against Saturn. Subsequently, Premier commenced this civil action against Saturn and INA by complaint dated January 6, 1993, alleging the defendant's bad faith in responding to Premier's claim. On April 23, 1993, pursuant to the Premier-Saturn arbitration, Premier withdrew this case as against Saturn, leaving INA as the sole defendant in the civil action. Ultimately, on June 29, 1994, as a result of the arbitration between Premier and Saturn, Premier received an award in the amount of $292,500 plus interest and legal fees.
Premier has now moved for an order compelling arbitration and for stay of this action pending arbitration pursuant to General Statutes § 52-409. In support of its motion, Premier asserts that it has the right to invoke the arbitration clause contained in the general contract between Saturn and the state against INA in CT Page 9932 the following manner. The general contract between Saturn and the state includes an agreement to arbitrate "any dispute" arising out of performance of work under the contract. As discussed above, pursuant to the general contract, INA issued a labor and material bond under which Saturn is principal, the state is obligee, and INA is surety. The payment bond incorporates by reference the contract between Saturn and the state in its entirety, and gives any subcontractor who performs labor or services under the general contract and who is not paid for their services, the right to bring suit on the bond. Finally, according to Premier, the contract between Saturn and Premier contains a "flow through" clause which, Premier contends, gives Premier the same rights against Saturn and INA that Saturn and INA have against the state, including, specifically, the right to arbitrate any and all disputes. Under this scenario, therefore, Premier contends that INA is obligated to arbitrate this dispute with Premier.
In its opposition to Premier's motion for an order to compel arbitration and for stay pending arbitration, INA argues that: (1) Premier has admitted that no written agreement to arbitrate exists between Premier and INA as required by General Statutes § 52-409; (2) Premier's statutory claims, pursuant to General Statutes §§ 49-42 and 42-110g, are nonarbitrable and are subject to the exclusive jurisdiction of the Superior Court; and (3) Premier has waived any right to arbitration due to its three year pursuit of litigation without seeking to arbitrate its claim against INA. Because this court finds that Premier has waived any right to arbitration, this memorandum addresses solely the last of INA's arguments.
Both Premier and INA have litigated this action contentiously over the last three and a half years. Not only have the parties engaged in extensive and voluminous pleadings and motion practice, filing in excess of sixty pleadings, motions, and legal memoranda, but the parties have also attended numerous oral arguments before the court, engaged in substantial discovery, and pretried the case at least twice.
In particular, since its original complaint filed in January of 1993, Premier has defended INA's motion to strike and request to revise, filed an amended complaint on March 20, 1995, and a revised amended complaint on September 15, 1995, claimed this matter to the trial list on November 28, 1995, and attended pretrial conferences on January 24, 1996 and August 2, 1996. CT Page 9933 Premier, signalling its desire to proceed with litigation, has moved to exempt this case from dormancy on at least six occasions.[1] On October 2, 1995, INA filed an answer including seven special defenses to which Premier replied.
In addition to participating fully in the pleadings and motion process, the parties have engaged in substantial discovery, including at least two sets of interrogatories and several document production requests and requests for admission. Furthermore, on at least three occasions INA has attempted to schedule depositions for January, February and May of 1996. Each of INA's attempts was met by Premier's motions to quash, causing INA to move to compel the taking of the depositions, an action which was vigorously contested by the Premier.
Ironically, Premier has further indicated an intent not to arbitrate when INA filed two motions, dated March 23, 1993 and June 27, 1994, requesting to stay the proceedings pending the arbitration between Premier and Saturn. In opposing these motions, Premier argued on each occasion that there was no written agreement to arbitrate between Premier and INA. In addition, although the Premier-Saturn arbitration involved issues arising from the same dispute and same series of contracts as the present litigation, Premier did not name INA as a respondent in that arbitration, and at no other time did Premier attempt to pursue arbitration against INA.
General Statutes § 52-409 provides in pertinent part: "If any action for legal or equitable relief or other proceeding is brought by any party to a written agreement to arbitrate, the court . . . upon being satisfied the any issue involved in the action or proceeding is referable to arbitration under the agreement, shall, on motion of any party to the arbitration agreement, stay the action. . . ." General Statutes § 52-409. A party's waiver of a right to arbitration is a consideration in determining whether an order staying the proceedings is warranted. See, e.g., Waterbury Teachers Association v.Waterbury, 164 Conn. 426, 434-35, 324 A.2d 267 (1975); Gilmartinv. Liberty Mutual Insurance Co., 23 Conn. Sup. 70 (1961).
"`[A]n arbitration clause [in a contract] may be waived by the parties or by the one entitled to its benefit.'" Advest, Inc.v. Wachtel, 235 Conn. 559, 569, 668 A.2d 367 (1995), quotingBatter Building Materials Co. v. Kirschner, 142 Conn. 1, 11,110 A.2d 464 (1954). "Waiver is defined to be the intentional CT Page 9934 relinquishment of a known right." (Internal quotation marks omitted.) Advest, Inc. v. Wachtel, supra, 569.
Waiver is a question of fact. New Haven v. Local 884, Council 4,237 Conn. 378, 385, A.2d (1996); Advest, Inc. v. Wachtel,
supra, 235 Conn. 569. "A finding of fact will not be overturned on appeal unless it is clearly erroneous." (Internal quotation marks omitted.) State v. Laws, 37 Conn. App. 276, 283,655 A.2d 1131 (1995); see also New Haven v. Local 884, Council 4, supra 388. "[W]aiver may be either express . . . or inferred from the circumstances." (Citations omitted.) New Haven v. Local 884,Council 4, supra, 387. "The essential question is whether, under the totality of the circumstances, the . . . [party claiming arbitration] has acted inconsistently with the arbitration right." (Alteration in original; internal quotation marks omitted.) Stevens v. Hartford Accident Indemnity Co., 39 Conn. App. 429,436, 664 A.2d 826 (1995). "Thus, unjustifiable delay in seeking arbitration may warrant a finding of waiver." BatterBuilding Materials Co. v. Kirschner, supra, 142 Conn. 11. "[T]he failure of . . . [a party] to demand arbitration within a reasonable time after an arbitrable dispute . . . ha[s] arisen," may constitute a waiver of the arbitration right. Id., 13.
Premier acted inconsistently with the arbitration right by initiating and actively pursuing litigation against INA over a three year period, including engaging in extensive pleadings and motion practice and substantial discovery, twice arguing to the court that no arbitration agreement exists between the parties, and declining to name INA as a respondent in the Premier-Saturn arbitration commenced in 1992. Through this action, Premier has manifested its intent not to pursue arbitration and to proceed with litigation. In light of the volume of litigation that has transpired between the parties since January, 1993 and the fact that, as observed below, Premier knew of the existence of the relevant contract and arbitration provisions since at least the time it commenced arbitration against Saturn in March, 1992, the fact that Premier waited over three years before demanding arbitration constitutes an unjustifiable delay in seeking arbitration.
The following conduct by the Premier manifested its intent to relinquish any right to arbitrate this dispute. First, although Premier chose to arbitrate its dispute with Saturn — a dispute which arose out of the same project and the same set of contracts as the present case — Premier subsequently chose to sue INA in CT Page 9935 court, rather than attempt to invoke the arbitration clause in the general contract against INA. While "the general rule is that the mere commencement of litigation by a plaintiff does not ipso facto constitute a waiver by that party of its right to stay the proceedings and compel arbitration . . . commencement of litigation is . . . one factor to be considered" in the determination of waiver. (Citations omitted.) Levin v. Advest, Inc., Superior Court, judicial district of Hartford-New Britain at Hartford, Docket No. 529887 (July 18, 1994, Corradino, J., 12 Conn. L. Rptr. 240).
Second, Premier further manifested its intent to abandon any right to arbitration by twice expressly denying before the court that a right to arbitration exists between the parties. SeeSylvia Construction Co. v. BJR Construction, Inc., Superior Court, judicial district of New London at New London, Docket No. 509246 (January 23, 1991, Axelrod, J.) (defendant waived right to arbitration by expressly refusing to submit to arbitration and by engaging without protest in litigation, including answering complaints, counterclaiming and conducting discovery).
Finally, over three years have transpired since the inception of this litigation. During that time, Premier has aggressively pursued and contested matters before the court. There appears no justification in the record for this three year delay in demanding arbitration. While waiver of an arbitration term in a contract "ought not be implied in situations where it is probable that the parties did not have a current realization that their dispute should have been arbitrated"; Newfield CommonsCondominium Association, Inc. v. Newfield Commons Group LimitedPartnership, Superior Court, judicial district of Middlesex at Middletown, Docket No. 54016 (July 8, 1992, Higgins, J.,7 Conn. L. Rptr. 711, 7 CSCR 978); the record in the present case demonstrates that Premier knew of its right to arbitration at the inception of this action, if not before. Premier initiated arbitration against Saturn in March of 1992, almost a year before the present action, based on the same dispute and the same series of contracts. Furthermore, in its complaints and memoranda throughout this litigation, Premier has demonstrated extensive familiarity with the relevant provisions of the various contracts involved in this action.
Armed with this knowledge, Premier initiated and vigorously pursued this action in every sense. The extensive pleading and motion practice engaged in by both parties, including voluminous primary, supplemental and reply memoranda filed by the parties in CT Page 9936 response to several motions, and the attendant fees incurred reveal this much. In light of the foregoing, Premier's three year delay in seeking arbitration cannot be justified. See Richter v.Danbury Radiological Associates, P.C., Superior Court, judicial district of Danbury at Danbury, Docket No. 316199 (April 17, 1995, Moraghan, J., 14 Conn. L. Rptr. 47).
In addition to showing that the plaintiff intended to relinquish any right to arbitration, "[a] party seeking to assert the defense of waiver must show that he was substantially prejudiced." Advest, Inc. v. Wachtel, supra, 235 Conn. 569. "In order to determine whether a party has been substantially prejudiced, many factors must be considered, not the least of which is whether the claims that the defendants seek to assert in the arbitration are the same as those asserted in the prior litigation and whether initiation of the arbitration constituted an unjustifiable delay." Id., citing Waterbury TeachersAssociation v. Waterbury, supra, 164 Conn. 435.
Compelling INA to submit to arbitration after over three years of contentious litigation substantially prejudices it. First, the proposed arbitration would encompass the same claims now asserted in this litigation, forcing INA to defend against the same claims again in another forum. See Waterbury TeachersAssociation v. Waterbury, supra, 164 Conn. 426 (concluding that party waived its right to arbitration by bringing suit on issues identical to those scheduled for arbitration and proceeding nearly to the completion of trial). Second, the plaintiff's three year delay in seeking arbitration, the contentious character of all relevant proceedings, and the extensive pleading and motion practice engaged in by both parties during the three year course of this litigation, have undoubtedly caused INA to expend substantial sums defending against this litigation. See Kramer v.Hammond, 943 F.2d 176, 179 (2d Cir. 1991) ("[p]rejudice . . . can be found when a party too long postpones his invocation of his contractual right to arbitration, and thereby causes his adversary to incur unnecessary delay or expense"); Levin v.Advest, Inc., supra, 12 Conn. L. Rptr. 242 ("prejudice means the actual time and expense spent by the party initially sued in court prior to the request for arbitration").
"[A]rbitration is intended to avoid the formalities, the delay, the expense and the vexation of ordinary litigation." (Citations omitted; internal quotation marks omitted.) WaterburyTeachers Association v. Waterbury, supra, 164 Conn. 434. CT Page 9937 Therefore, in Naftzger v. Naftzger Kuhe, Inc., 26 Conn. App. 521,602 A.2d 606 (1992), the court did not look favorably upon a defendant who "gladly consumed the time of the attorney trial referee and the judicial system [for two and a half years] until he sought enforcement of the arbitration provision. Such a tactic is not in accord with the policy of efficient use of judicial resources." Id., 526 n. 3. In the present case, Premier has vigorously pursued this litigation for over three years, declined to name INA in a pending arbitration involving the same dispute and series of contracts, represented to the court on two occasions that no arbitration agreement exists between itself and INA, engaged in extensive pleading and motion practice involving over sixty filings, underwent substantial discovery and pretrial proceedings, and now, three years later, seeks to arbitrate the dispute. "It would be unfairly prejudicial to permit a party to sue in court, forcing the other side to engage in substantial litigation then to allow that party to stop everything and demand arbitration — unnecessary expense and the opportunity for judicial manipulation and forum shopping argue strongly against a stay of judicial proceedings in such a situation." Levin v.Advest, Inc., supra, 12 Conn. L. Rptr. 242-43.
For the foregoing reasons, Premier's motion for order to compel arbitration and for stay pending arbitration is denied on the ground that Premier, by actively pursuing this litigation for over three years, by engaging in extensive pleading and motion practice, substantial discovery and pretrial proceedings, and by twice representing that no agreement to arbitrate exists between the parties, has acted inconsistently with any right to arbitrate, has substantially prejudiced the defendant, and has thereby waived any right to arbitration.
Stodolink, J.