[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] ORDER
The defendant, Morganti National, Inc., has filed a motion to dismiss the plaintiff, the Greenwich Hospital Association's amended complaint on the ground that the court lacks subject matter jurisdiction. Specifically, the defendant argues that the plaintiff has not complied with a contract provision that provides: "Claims . . . shall be referred initially to the Architect for action. . . . A decision by the Architect . . . shall be required as a condition precedent to arbitration or litigation. . . ." (Plaintiff's Exhibit 1, Standard Form of Agreement Between Owner and Contractor, ¶ 4.3.2.) The plaintiff argues that the defendant has waived this provision of the contract.
"Waiver is the voluntary relinquishment of a known tight. It involves the idea of assent, and assent is an act of understanding. . . . Intention to relinquish must appear, but acts and conduct inconsistent with intention to [relinquish] . . . are sufficient. . . . Waiver is a question of fact for the trier." Infante v. Mansfield Construction Co., 47 Conn. App. 530,538, 706 A.2d 984 (1998). "As in any contract provision, the parties may waive an arbitration provision." Naftzger v. Naftzger Kuhe, Inc., 26 Conn. App. 521, 525, 602 A.2d 606 (1992). "Thus, unjustifiable dely in seeking arbitration may warrant a finding of waiver. . . . The same result follows from the going to trial without insisting on the arbitration provision." Batter BuildingMaterials Co. v. Kirschner, 142 Conn. 1, 11, 110 A.2d 464 (1954). "[T]he essential question is whether, under the totality of circumstances, the . . . party claiming arbitration has acted inconsistently with the arbitration right." (Internal quotation marks omitted.) Tecton Partnership, Inc. v. Hennessey, Superior Court, judicial district of Hartford/New Britain at Hartford, Docket No. 525660 (September 8, 1995, Corradino, J.). CT Page 3175
Here, the defendant argues that the present action should be dismissed because the plaintiff did not submit its claim to the architect for a decision prior to instituting the present cause of action. However, according to a copy of a complaint submitted by the plaintiff, the defendant instituted a separate action in the Superior Court arising out of the same transaction as the plaintiffs complaint after the plaintiff filed the present action. Therefore, there is a question of fact as to whether the defendant has waived its right to seek arbitration by filing a separate action when there is a pending action already filed in the Superior Court. The motion to dismiss is denied.
So Ordered.