ADVEST, INC., ET AL. *v.* ALLEN WACHTEL ET AL.
(15090)

Peters, C. J., and Callahan, Borden, Berdon and Katz, Js.

Argued September 27—decision released December 19, 1995

*Allan B. Taylor*, with whom, on the brief, was *Rhoda L. Rudnick*, for the appellants (plaintiffs).

*Lawrence R. Gelber*, pro hac vice, with whom, on the brief, was *Patricia A. King*, for the appellees (defendants).

BERDON, J. The dispositive issue in this appeal is whether the trial court abused its discretion by refusing permanently to enjoin a party from pursuing arbitration in New York on the ground that there was a final personal judgment in Connecticut on the same claim in favor of the other party. More specifically, we must determine whether a judgment based upon an action barred by the statute of limitations in Connecticut is final on the merits so as to preclude, under the principles of res judicata, an action based upon the same claim in another jurisdiction in which the period of limitations had not yet expired. The plaintiffs, Advest, Inc. (Advest), and Billings and Company, Inc. (Billings),

appeal from the judgment of the trial court[1] denying their application permanently to enjoin nine defendants, three of whom are residents of Connecticut and six of whom are residents of other states,[2] from bringing an arbitration claim in the state of New York.

For the purposes of the issues before this court, the following facts are undisputed and can be briefly stated. The defendants were individual investors in Cranmore Ridge Associates, a limited partnership formed to construct, own and operate a housing complex in New Hampshire. In 1991, these defendants commenced an action in the Superior Court of Connecticut against Advest and Billings, alleging fraud and other tortious conduct (hereinafter prior action) in connection with their purchase of an interest in Cranmore Ridge Associates. In 1992, the trial court in the prior action rendered summary judgment against the present defendants in favor of Advest and Billings on the ground that the claims asserted by the defendants were barred by Connecticut's three year statute of limitations pursuant to General Statutes § 52-577.[3] The defendants took no appeal from that judgment.

On May 20, 1993, the present defendants filed a claim against the plaintiffs for arbitration with the National Association of Securities Dealers, Inc. (NASD), in New York (hereinafter New York arbitration). The defendants in that arbitration proceeding, based upon the same

[1] The plaintiffs appealed from the judgment of the trial court to the Appellate Court, and we transferred the appeal to this court pursuant to Practice Book § 4023 and General Statutes § 51-199 (c).

[2] The defendants Allen Wachtel, Claire Berg and Nora G. Cavanaugh are residents of Connecticut; the defendants James and Freda McErlain are residents of Pennsylvania; the defendants Alan and Linda Stillman are residents of Delaware; the defendant Cynthia Hoffman is a resident of Florida; and the defendant Donald Verrier is a resident of Maine.

[3] General Statutes § 52-577 provides: "No action founded upon a tort shall be brought but within three years from the date of the act or omission complained of."

transactions that had given rise to their claims in the prior action, alleged violations of federal and state securities laws, breach of contract, breach of the duty of good faith and fair dealing, breach of NASD rules, and violation of federal and state racketeering laws. Thereafter, the plaintiffs instituted this judicial action to enjoin the defendants from proceeding with the arbitration before NASD on the grounds that the arbitration proceeding was barred by the principles of res judicata and that as a result of instituting the prior action the defendants had waived their right to arbitration. All the defendants, resident and nonresident, appeared by counsel in this action and did not challenge the trial court's personal or subject matter jurisdiction.[4]

The trial court denied the permanent injunction and rendered judgment for the defendants. The following reasons were furnished by the trial court for denying the permanent injunction: (1) enforcement of an injunction against the nonresident defendants would be difficult; (2) the plaintiffs are free to assert all their defenses in the New York arbitration proceeding; and (3) the statute of limitations in the New York forum may be longer than in Connecticut. This appeal followed.

I

The plaintiffs first argue that the trial court based its decision on the incorrect assumption that it did not have jurisdiction to issue a permanent injunction because a permanent injunction could not be enforced as to the six nonresident defendants. We disagree.

We recently set forth the governing principles for our standard of review as it pertains to a trial court's discretion to grant or deny a request for an injunction: "A party seeking injunctive relief has the burden of

---

[4] In accordance with the stipulation of the parties, the trial court in this action entered a temporary injunction prohibiting the defendants from proceeding with the New York arbitration.

alleging and proving irreparable harm and lack of an adequate remedy at law. . . . A prayer for injunctive relief is addressed to the sound discretion of the court and the court's ruling can be reviewed only for the purpose of determining whether the decision was based on an erroneous statement of law or an abuse of discretion." (Citations omitted; internal quotation marks omitted.) *Walton* v. *New Hartford*, 223 Conn. 155, 165, 612 A.2d 1153 (1992). Therefore, unless the trial court has abused its discretion, or failed to exercise its discretion; *Wehrhane* v. *Peyton*, 134 Conn. 486, 498, 58 A.2d 698 (1948); the trial court's decision must stand.

This court has previously held that a party may be enjoined from prosecuting an action in another jurisdiction. *Hartford Accident & Indemnity Co.* v. *Bernblum*, 122 Conn. 583, 589, 191 A. 542 (1937). Usually, such an injunction is granted if "the party enjoined has sought by resort to the courts of another jurisdiction to deprive a fellow citizen of some benefit which should rightfully be accorded him under the law of the State of their common residence." Id. The trial court's discretion to issue an injunction prohibiting the pursuit of litigation in another state, based upon principles of res judicata, extends to nonresidents who have voluntarily submitted to the jurisdiction of this state. *Wehrhane* v. *Peyton*, supra, 134 Conn. 497. In *Receivers Middlesex Banking Co.* v. *Realty Investment Co.*, 104 Conn. 206, 220, 132 A. 390 (1926), this court held: "The trial court, having not only jurisdiction of the parties but also the subject-matter, had the power to protect that jurisdiction, and its receivers, by an injunction against the prosecution of the litigation the [foreign banking institutions] were instituting in South Dakota." The trial court in this case, however, did not deny the injunction because it believed it lacked jurisdiction over the nonresident defendants who had voluntarily submitted to the jurisdiction of this state. Rather, the trial court held that although such

a decree could be enforced against the three Connecticut defendants, the "out-of-state residents are effectively able to avoid any enforcement of orders of the court."

The difficulty of enforcing a decree of injunctive relief in an action in which a nonresident defendant has personally and voluntarily submitted to Connecticut's jurisdiction is a factor that a trial court may take into consideration. In *Wehrhane* v. *Peyton,* supra, 134 Conn. 495–96, this court held that "courts usually refuse injunctions in actions of this kind where the defendant is a nonresident of the state where the relief is sought. Some courts place their decisions to that effect upon the ground that the courts of one state lack jurisdiction to enjoin a nonresident . . . but jurisdiction as they use that word evidently does not mean the lack of authority of the court to act where the parties are properly before it but in the sense that equity will not ordinarily grant relief in such a case. . . . That is illustrated by the statement of high authority that if a nonresident has property within the jurisdiction of the court, an injunction may properly issue. . . . The true reason for denying the injunction against a nonresident is that, if granted, it could not ordinarily be enforced." (Citations omitted; internal quotation marks omitted.)

We conclude that the trial court properly exercised its discretion in this case by denying the claim for a permanent injunction. The court simply took into consideration the difficulty of enforcing the decree along with its other assigned reasons for denying the plaintiffs' request for an injunction. Even if the trial court had denied the permanent injunction on the erroneous basis that it did not have jurisdiction to enjoin the nonresident defendants who had submitted to the jurisdiction of the court, the denial of the injunction in this case was nevertheless proper for the reasons set forth in part II of this opinion.

## II

The plaintiffs also argue that, as a matter of law, under the principles of res judicata the trial court was required to issue a permanent injunction predicated on the Connecticut judgment in the prior action. We disagree.

The term "res judicata" is often employed to refer to the related doctrines of claim preclusion and issue preclusion. 1 Restatement (Second), Judgments, p. 131 (1982); F. James & G. Hazard, Civil Procedure (3d Ed. 1985) § 11.3. "Claim preclusion . . . and issue preclusion, sometimes referred to as collateral estoppel, are first cousins. Both legal doctrines promote judicial economy by preventing relitigation of issues or claims previously resolved." *Scalzo* v. *Danbury*, 224 Conn. 124, 127, 617 A.2d 440 (1992). The preclusive effect of these two doctrines, however, is substantially different. "[C]laim preclusion prevents a litigant from reasserting a claim that has already been decided on the merits."[5] (Internal quotation marks omitted.) *Virgo* v. *Lyons*, 209 Conn. 497, 501, 551 A.2d 1243 (1988). "[I]ssue preclusion

[5] In determining whether the judgment is on the same claim, we have adopted the transactional test as follows: "The Restatement (Second), Judgments provides, in § 24, that the claim [that is] extinguished includes all rights of the plaintiff to remedies against the defendant with respect to all or any part of the transaction, or series of connected transactions, out of which the action arose. What factual grouping constitutes a 'transaction,' and what groupings constitute a 'series,' are to be determined pragmatically, giving weight to such considerations as whether the facts are related in time, space, origin, or motivation, whether they form a convenient trial unit, and whether their treatment as a unit conforms to the parties' expectations or business understanding or usage. In amplification of this definition of 'original claim,' § 25 of the Restatement (Second) states that [t]he rule of § 24 applies to extinguish a claim by the plaintiff against the defendant even though the plaintiff is prepared in the second action (1) [t]o present evidence or grounds or theories of the case not presented in the first action, or (2) [t]o seek remedies or forms of relief not demanded in the first action." (Internal quotation marks omitted.) *Duhaime* v. *American Reserve Life Ins. Co.*, 200 Conn. 360, 364–65, 511 A.2d 333 (1986).

prevents a party from relitigating an issue that has been determined in a prior suit." (Internal quotation marks omitted.) Id.; *Commissioner of Motor Vehicles* v. *DeMilo & Co.*, 233 Conn. 254, 267, 659 A.2d 148 (1995). In determining which principle applies—claim preclusion or issue preclusion—we must examine what was actually decided when summary judgment was rendered in favor of the plaintiffs and against the defendants in the prior action.

The judgment in the prior action was predicated on the running of the statute of limitations provided in § 52-577. Although a judgment based on the running of the statute of limitations bars the plaintiff from bringing an action to relitigate the claim within that jurisdiction, it is not a judgment on the merits and does not erase the plaintiff's claim.[6] *Wells* v. *Carson*, 140 Conn. 474, 476, 101 A.2d 297 (1953); *Bridgeport* v. *United States Fidelity & Guaranty Co.*, 105 Conn. 11, 32, 134 A. 252 (1926); 1 Restatement (Second), Conflict of Laws § 110, comment (b) (1971). "A judgment that is not on the merits will be recognized in other states only as to issues actually decided." 1 Restatement (Second), supra, Conflict of Laws § 110. Accordingly, in the prior action, the judgment, having been predicated on the running of the statute of limitations, was not on the merits, and, therefore, the only issue that is precluded

---

[6] Statutes of limitations should not be confused with a right conditioned upon a time limitation. The latter comes within the general rule that "where a statute gives a right of action which did not exist at common law, and fixes the time within which the right must be enforced, the time fixed is a limitation or condition attached to the right—it is a limitation of the liability itself as created, and not of the remedy alone." (Internal quotation marks omitted.) *State* v. *Aetna Casualty & Surety Co.*, 138 Conn. 363, 367, 84 A.2d 683 (1951); see 3 E. Stephenson, Connecticut Civil Procedure (C. Tait & P. Adomeit 2d Ed. 1978) § 328. If the judgment is rendered because the time limit upon which the right is conditioned has run, the judgment is one that precludes the claim and is "entitled to full faith and credit so as to bar a second suit elsewhere." 3 E. Stephenson, supra, § 354 (d).

from relitigation is whether the *Connecticut* statute of limitations has run. In other words, the prior action renders the issue of Connecticut's statute of limitations subject to the doctrine of issue preclusion.

Although the running of Connecticut's statute of limitations precludes the defendants in the present action from bringing the same claim in Connecticut, it does not automatically bar their pursuit of such a claim in another jurisdiction.[7] The defendants are precluded "from maintaining an action to enforce the claim in another state only if the courts of the other state would

---

[7] In arguing that the judgment in the prior action also has preclusive effect on the merits—that is, the claim is precluded under principles of res judicata—the plaintiffs rely on §§ 19 and 20 of the Restatement (Second) of Judgments. It is true that we generally are guided by the principles of res judicata as articulated in the Restatement. See, e.g., *Orselet* v. *DeMatteo*, 206 Conn. 542, 539 A.2d 95 (1988). It is also true that a judgment based upon the running of the statute of limitations has the effect of precluding the claim in the rendering state. 1 Restatement (Second), supra, Judgments § 19. Nevertheless, this preclusive effect is not necessarily applicable in a forum other than the rendering state. Id., comment (f).

The Restatement of Judgments "is concerned primarily with the effect of a judgment in the state in which it is rendered." Id. The comments to the Restatement make it clear that whether a judgment based on the statute of limitations is a bar to subsequent litigation is a question of choice of law for the forum state: "Generally, a judgment that operates to bar another action on the same claim in one state will, under the Full Faith and Credit Clause of the United States Constitution, bar an action on the same claim in another state. . . .This may not necessarily be the case, however, if the action is barred by the statute of limitations of the first state but not of the second . . . ." (Citation omitted.) Id.; 1 Restatement (Second), supra, Conflict of Laws § 110, comment (b).

The reporter's notes to § 19, comment (f) of the Restatement (Second) of Judgments also provide: A dismissal based on the running of a statute of limitations "operates as a bar in the jurisdiction in which it is rendered, even if the plaintiff in the second action seeks to change his theory of recovery and to rely on a longer limitations provision. . . . But the dismissal does not preclude an action in another jurisdiction if that jurisdiction would apply a statute of limitations that has not yet run . . . . If as a matter of choice of law, the second jurisdiction would apply the statute of limitations of the first jurisdiction, the issue of the running of the statute would be resolved by the determination in the first proceeding." (Citations omitted.)

apply the [rendering state's] statute of limitations under the rule of [the Restatement (Second) of Conflicts of Law] § 142." 1 Restatement (Second), supra, Conflict of Laws § 110, comment (b). Whether the New York forum will apply Connecticut's statute of limitations will therefore depend upon New York's choice of law.[8]

"Whether a claim will be maintained against the defense of the statute of limitations is determined under the principles stated in § 6 [of the Restatement (Second) of Conflict of Laws].[9] In general, unless the exceptional circumstances of the case make such a result unreasonable:

"(1) The forum will apply its own statute of limitations barring the claim [or]

"(2) The forum will apply its own statute of limitations permitting the claim unless:

"(a) maintenance of the claim would serve no substantial interest of the forum; and

---

[8] In *Sun Oil Co.* v. *Wortman*, 486 U.S. 717, 729, 108 S. Ct. 2117, 100 L. Ed. 2d 743 (1988), the United States Supreme Court characterized the statute of limitations in question as procedural, not substantive, and concluded that the forum state "did not violate the Full Faith and Credit Clause when it applied its own statute of limitations." See *Keeton* v. *Hustler Magazine, Inc.*, 131 N.H. 6, 12, 549 A.2d 1187 (1988) (New Hampshire treats its statute of limitations as procedural in nature rather than substantive).

[9] If a state has no constitutional or statutory directive as to its choice of law, the forum court should consider the following factors: "(a) the needs of the interstate and international systems, (b) the relevant policies of the forum, (c) the relevant policies of other interested states and the relative interests of those states in the determination of the particular issue, (d) the protection of justified expectations, (e) the basic policies underlying the particular field of law, (f) certainty, predictability and uniformity of result, and (g) ease in the determination and application of the law being applied." 1 Restatement (Second), supra, Conflict of Laws § 6; see *O'Connor* v. *O'Connor*, 201 Conn. 632, 650–51, 519 A.2d 13 (1986) (employing factors enumerated in § 6 to determine whose law governs action to recover damages for personal injury that occurred in Quebec, Canada, when both parties were Connecticut domiciliaries).

"(b) the claim would be barred under the statute of limitations of a state having a more significant relationship to the parties and the occurrence." 1 Restatement (Second), supra, Conflict of Laws § 142 (1989 pocket part).

Accordingly, we hold that whether a final judgment in this state based upon the statute of limitations bars the maintenance of an action in the forum state that has a longer statute of limitations depends upon the forum state's choice of law. Under such circumstances, it would have been an abuse of its discretion for the trial court to have enjoined the defendants from proceeding in the New York arbitration.

## III

Finally, the plaintiffs argue that the trial court should have enjoined the New York arbitration on the ground that the defendants waived their right to arbitrate the claims as a result of initiating the prior suit in Connecticut. "It is, of course, true that an arbitration clause may be waived by the parties or by the one entitled to its benefit." *Batter Building Materials Co.* v. *Kirschner*, 142 Conn. 1, 11, 110 A.2d 464 (1954). "Waiver is defined to be the intentional relinquishment of a known right." *A. Sangivanni & Sons* v. *F. M. Floryan & Co.*, 158 Conn. 467, 474, 262 A.2d 159 (1969). A party seeking to assert the defense of waiver must show that he was substantially prejudiced. *Rush* v. *Oppenheimer & Co.*, 779 F.2d 885, 888 (2d Cir. 1985). Waiver is an issue of fact. *New York Annual Conference* v. *Fisher*, 182 Conn. 272, 300, 438 A.2d 62 (1980). In order to determine whether a party has been substantially prejudiced, many factors must be considered, not the least of which is whether the claims that the defendants seek to assert in the arbitration are the same as those asserted in the prior litigation and whether initiation of the arbitration constituted an unjustifiable delay. *Waterbury Teachers*

*Assn.* v. *Waterbury,* 164 Conn. 426, 435, 324 A.2d 267 (1973). Thus, under the circumstances of this case, whether the defendants have waived their rights is a determination that should be made in the New York forum within the context of the arbitration rules of NASD.

Therefore, we hold that the trial court correctly denied the plaintiffs' application for a permanent injunction.

The judgment is affirmed.

In this opinion PETERS, C. J., and CALLAHAN and KATZ, Js., concurred.

BORDEN, J., concurring. I agree with the result reached by the majority, and with the analysis in parts II and III of the majority opinion. I disagree, however, with the analysis in part I. With respect to that part, I would conclude that the trial court was simply incorrect in its legal analysis regarding the propriety of enjoining all of the defendants, including the nonresidents.

With respect to part I, the majority opinion concludes "that the trial court properly exercised its discretion in this case by denying the claim for a permanent injunction. *The court simply took into consideration the difficulty of enforcing the decree along with its other assigned reasons for denying the plaintiffs' request for an injunction.*" (Emphasis added.) I think that the majority misreads the basis of this reason given by the trial court.

As I read the record, the trial court gave two, not three, reasons for its conclusion. The first of these reasons involved the presence of the out-of-state residents. It was as follows: "The court notes that the plaintiffs ask . . . this court—a Connecticut court—to enjoin

the defendants from seeking redress of their claims by the New York arbitration proceedings.

"The usual ground for a court of one state to enjoin a party from prosecuting an action in another state, is, in the situation where all parties are from the state where the request to enjoin is made. In such a situation the enjoining court has the parties within its physical jurisdiction so that it has the ability to enforce its orders. Further, the state of residence of the parties has an interest in resolving the dispute among its residents. *Hartford Accident & Indemnity Co.* v. *Bernblum*, 122 Conn. 583, 589 [191 A. 542] (1937).

"In the present situation, this court in enjoining the defendants *could* enforce its orders as to the three Connecticut residents *but not as against the out-of-state defendants. The out-of-state residents are effectively able to avoid any enforcement of orders by this court.*" (Emphasis added.)

The trial court then went on to give its second reason for denying injunctive relief: "Additionally, in the New York arbitration proceedings the plaintiffs herein as defendants in the arbitration may raise the various defenses in that proceeding that are available in Connecticut. The fact that New York's statute of limitations may not be the same as is that of Connecticut is not a sufficient basis for this court to interfere with a legal proceeding in New York."

I can only read the trial court's statement of its first reason as substantially what the plaintiffs claim, namely, an assertion by the trial court, not that it would simply be difficult to enforce its injunction against the out-of-state residents, but that the court *could not* enforce its injunction against them. As the majority opinion makes clear, however, that assertion is contrary to our case law, and is not an appropriate basis for withholding equitable relief.

I fully agree, however, with the analysis in part II of the majority opinion, that the second reason given by the trial court for withholding injunctive relief is legally correct. Furthermore, the second reason given by the trial court trumps any error in its first reason. That is because (1) the second reason involves purely a question of law, namely, whether the trial court was compelled by principles of claim preclusion to issue the injunction, (2) as the majority opinion makes clear, the answer to that legal question is "no" and (3) the plaintiffs must prevail on both grounds in order to prevail in this appeal. Thus, I join in affirming the judgment of the trial court denying injunctive relief.

I also agree, as indicated above, with the waiver analysis in part III of the majority opinion.