[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
Plaintiff Joseph A. Pranulis has been the owner of property in Prospect, Connecticut consisting of two vacant lots known as 3 Maple Drive and 9 Maple Drive. Following reevaluation in 1990, these parcels were assessed for $27,720 each at 70% of fair market value.
On or about February 23, 1995, plaintiff appealed the assessment to the Board of Tax Review which subsequently lowered the assessment on said parcels to $12,000 each. Thereafter, on the Grand List of 1995, assessor Leone raised said assessments to $27,200 on each. Without claiming or showing whether an CT Page 4681 appeal had been taken from these reassessments pursuant to §§ 12-117a
and 12-119 of the Connecticut General Statutes, plaintiff brought this complaint seeking equitable relief from this court namely,
"1. An order directing the defendants to return the assessment on said parcels to that set by the Board of Tax Review, i.e. $12,000 each.
2. An injunction barring the defendants from raising the assessments on said parcels until the next town-wide revaluation."
Plaintiff claims that he has no adequate remedy at law and seeks injunctive relief. This court disagrees. While plaintiff initially did not allege and plead irreparable harm, the court allowed plaintiff to amend his complaint and allege same on the day of trial.
In order for a court to grant injunctive relief, plaintiff must show that there is no adequate remedy at law and that plaintiff will be subject to imminent and irreparable damage.Advest, Inc. v. Wachtel, 235 Conn. 559 (1995).
The court finds that plaintiff has failed to sustain his burden of proof by preponderance of credible evidence. The court finds that there does exist adequate remedies at law by way of the appeals process set forth in the Connecticut General Statutes for appeals from real property assessments by municipalities § 12-111 et seq.
The court finds that plaintiff has not pursued or exhausted those remedies. Further, court finds that there was no showing of imminent or irreparable damage. Smith v. Ronalter,162 Conn. 67 (1971).
Therefore, judgment enters for defendants.
KULAWIZ, J.