[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: MOTION FOR SUMMARY JUDGMENT # 103
The plaintiffs Howard and Judith Rosenkrantz filed the present action claiming vexatious litigation against the defendants Harold and Angela Olson. The defendants filed a motion for summary judgment contending that there is no genuine issue of fact, and they are entitled to judgment as a matter of law. Specifically, the defendants claim that the prior litigation did not terminate in the plaintiffs' favor and the defendants are immunized from the plaintiffs' claims by virtue of the Noerr-Pennington doctrine.
According to the undisputed facts, the plaintiffs sought to build a new home on land across the street from the defendants' property. In order to accomplish this task, the plaintiffs planned to use explosives to demolish an existing building on the property and to excavate ledge rock underneath their property to pour a foundation. The defendants sought a temporary injunction to prevent blasting and the use of any explosives on the plaintiffs' property. The court, Nadeau, J., granted an ex parte temporary injunction and scheduled a hearing summoning the plaintiffs in the present action to show cause why a temporary injunction should not remain in effect. Rather than wait for the hearing, the plaintiffs decided to proceed with their construction plans. The plaintiffs used jackhammers instead of explosives to accomplish the demolition and excavation. This work concluded prior to the date set for the hearing. At that point, the defendants withdrew their temporary injunction action.
"Our standard of review of a trial court's decision to grant a motion for summary judgment is well established, "Practice Book § 384 [now § 17-49] provides that summary judgment shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. . . . In deciding a motion for summary judgment, the trial court must view the evidence in the light CT Page 36 most favorable to the nonmoving party. . . . The party seeking summary judgment has the burden of showing the absence of any genuine issue [of] material facts which, under applicable principles of substantive law, entitle him to a judgment as a matter of law. . . and the party opposing such a motion must provide an evidentiary foundation to demonstrate the existence of a genuine issue of material fact." Pitchell v. Williams,55 Conn. App. 571, 577, ___ A.2d ___ (1999).
"[A] claim for vexatious litigation requires a plaintiff to allege that the previous lawsuit terminated in the plaintiff's favor." (Internal quotation marks omitted.) Zeller v. Consolini,235 Conn. 417, 424, 666 A.2d 64 (1995). The defendants insist that their withdrawal of the temporary injunction action does not demonstrate a favorable termination for the plaintiffs. The Connecticut Supreme Court has stated: "we have never required a plaintiff in a vexatious suit action to prove a favorable termination either by pointing to an adjudication on the merits in his favor or by showing affirmatively that the circumstances of the termination indicated his innocence or nonliability, so long as the proceeding has terminated without consideration."DeLaurentis v. New Haven, 220 Conn. 225, 251, 597 A.2d 807
(1991). In the present case, the defendants withdrew their temporary injunction lawsuit without any type of release or other consideration. Since Connecticut courts permit a plaintiff to state a cause of action for vexatious litigation when a party abandons a cause of action without a settlement, the defendants' motion for summary judgment is denied on the basis that the prior litigation did not terminate favorably for the plaintiffs. See id., 252.
The defendants also contend that temporary injunction proceedings were initiated in good faith. The defendants argue that the Noerr-Pennington doctrine[1] should be applied to the vexatious litigation context to preclude the present suit because the prior lawsuit was not objectively baseless.[2] The plaintiffs insist that it is inappropriate to determine the issues in this case as a matter of law because there is a dispute concerning material facts.
Aside from a termination in the plaintiffs' favor, Connecticut courts require plaintiffs in vexatious litigation suits to prove want of probable cause. See Norse Systems, Inc. v. TingleySystems, Inc., 49 Conn. App. 582, 594, 715 A.2d 807 (1998). "Probable cause is the knowledge of facts sufficient to justify a reasonable person in the belief that there are reasonable grounds CT Page 37 for prosecuting an action. . . . The existence of probable cause is an absolute protection, and what facts, and whether particular facts, constitute probable cause is always a question of law." (Internal quotation marks omitted.) Id. However, "when the facts themselves are disputed, the court may submit the issue in the first instance to a jury as a mixed question of fact and law."DeLaurentis v. New Haven, supra, 220 Conn. 252-53.
"For the purposes of a vexatious suit action, [t]he legal idea of probable cause is a bona fide belief in the existence of the facts essential under the law for the action and such as would warrant a man of ordinary precaution, prudence and judgment, under the circumstances, in entertaining it. Probable cause is the knowledge of facts, actual or apparent, strong enough to justify a reasonable man in the belief that he has lawful grounds for prosecuting the defendant in the manner complained of. . . . Thus, in the context of a vexatious suit action, the defendant lacks probable cause if he lacks a reasonable, good faith belief in the facts alleged and the validity of the claim asserted." (Citations omitted; internal quotation marks omitted.) NorseSystems Inc. v. Tingley Systems Inc., supra, 49 Conn. App. 594.
The plaintiffs argue that there is an issue of fact that must be resolved by a jury because Edward Zygmant,[3] a fire department inspector from the town of Westport, stated in his own affidavit that statements attributable to him in Harold Olson's April 19, 1999 affidavit are false. Olson's April 19, 1999 affidavit states that he and Zygmant discussed the replacement of an oil tank on his property. Olson's April 19, 1999 affidavit further states that Zygmant indicated that it could be a hazard to the plaintiffs and their property if the oil tank leaked, and blasting could cause a leak.
Even assuming the truth of Zygmant's affidavit, this court concludes that the affidavits and other documents presented to the court provide a sufficient basis to grant the defendants' motion for summary judgment because the defendants had probable cause to initiate the temporary injunction proceedings. The defendants owned a 33 year-old oil tank under their property. In Harold Olson's affidavits dated April 19, 1999 and July 28, 1999, he stated that his property was damaged by prior blasting that occurred on adjoining property. The damage included foundation cracks, cracks in the carport, and cracks in the plaster of his house. In addition, the property sustained underground erosion damage to the foundation. Harold Olson's July 28, 1999 affidavit CT Page 38 indicates that he was concerned that his oil tank would split due to the blasting and cause environmental problems to his property. Despite his concerns, when the defendants requested that the plaintiffs' contractors delay blasting until the defendants removed their oil tank, Shoreline Blasting, one of the plaintiffs' contractors stated that if the underground oil tank split it was the defendants' problem, not theirs.
The plaintiffs insist that the defendants had an adequate remedy at law, and, therefore, they would not have prevailed at the hearing for the temporary injunction. "A party seeking injunctive relief has the burden of alleging and proving irreparable harm and lack of an adequate remedy at law. . . . A prayer for injunctive relief is addressed to the sound discretion of the court and the court's ruling can be reviewed only for the purposes of determining whether the ruling was based upon an erroneous statement of the law or an abuse of discretion."Advest, Inc. v. Wachtel, 235 Conn. 559, 562-63, 668 A.2d 367
(1995).
While this court is not certain whether the defendants would have prevailed when seeking a temporary injunction without the comments attributed to Zygmant, this court is content that the defendants had probable cause to initiate the proceedings for a temporary injunction, The Connecticut Supreme Court has stated that "[i]njunctive relief may not lie where it is predicated on the fears and apprehensions of the party applying for it. Or where it is incompatible with the equities of the case . . . and likewise the power of equity to grant such relief may be exercised only under demanding circumstances. . . . The extraordinary nature of injunctive relief requires that the harm complained of is occurring or will occur if the injunction is not granted. Although an absolute certainty is not required, it must appear that there is a substantial probability that but for the issuance of the injunction, the party seeking it will suffer irreparable harm." (Citations omitted.) Karls v. Alexandra RealtyCorp., 179 Conn. 390, 402, 426 A.2d 784 (1980). In addition, such harm must be imminent. See id., 401.
The defendants filed their application for a temporary injunction on April 19, 1999. The plaintiffs sought to commence blasting on their property on April 20, 1999. The defendants' tank was 33 years-old and contained 400 gallons of oil. This court believes that it was reasonable for the plaintiff to assume that there was a substantial probability that an oil leak would CT Page 39 occur, especially based upon prior damage to his property as a result of explosives and the comments attributed to Shoreline Blasting. In addition, the court is content that environmental damage to the defendants' property and any neighboring waterways[4] as a result of an oil leak, and the potential latent damage from blasting that would not be discovered until some future date[5] would constitute irreparable harm without an adequate remedy at law. Regardless of whether Zygmant stated any concerns that the oil tank could leak or cause an environmental hazard, the defendants concern about blasting on another neighboring parcel seems reasonable based upon the factual circumstances of this case.
Accordingly, the defendants motion for summary judgment is granted.
Mintz, J.