[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION ON DEFENDANTS' MOTIONS TO STRIKE COUNTS 16, 32 AND 33 OF PLAINTIFFS' AMENDED COMPLAINT
On July 27, 2000, the plaintiffs, Patrice Ward, in her individual capacity and as administratrix of the estate of Raegan McBride, filed an amended complaint against the defendants, Kathy Greene ("Greene"), Village for Families and Children, Inc. ("Village"), State of Connecticut Department of Public Health ("DPH"), and Stephen Harriman, in his capacity as the Commissioner of the State of Connecticut Department of Public Health ("Harriman"), for damages allegedly sustained by them as the direct result of the actions or conduct of these defendants. All of the defendants have filed motions to strike, challenging a total of twenty-two of the thirty-three counts comprising the amended complaint. The court heard oral argument on the defendants' motions to strike on November 27, 2000, at which time counts eleven and twenty-nine were stricken by agreement.
The court elects to issue multiple memoranda, dealing with the motions to strike in groups which have some relationship with each other in terms of the legal issues involved.
This lawsuit arises out of the tragic death of Raegan McBride, the two-year old daughter of Patrice Ward, who attended a day care facility operated by Greene. According to the allegations of the amended complaint, which allegations are taken as true for purposes of these motions to strike, Ms. Ward became aware of Greene's operation through a family friend and called the DPH "hotline" to inquire if any complaints had been made against Greene as a day care provider. After receiving a satisfactory report, Ms. Ward sent her daughter to Greene's home in January of 1997. On or about February 24, 1997, Greene fatally injured CT Page 3852 Raegan McBride.
Subsequently, Ms. Ward learned that Greene had abused several children placed in her care, beginning in 1983 and continuing through the time of Raegan McBride's death. The Village, a private child placement agency contracted by the State of Connecticut to provide care to children in the greater Hartford area, placed its first day care child in Greene's home in September of 1983. After the Village received a report of abuse by Greene later that month, Greene closed her facility. The Village did not inform the State of Connecticut Department of Children and Families ("DCF") of the alleged abuse at that time.
In April of 1990, Greene contracted with the Village to become a specialized foster parent. The amended complaint alleges several additional incidents of abuse by Greene in connection with children placed in her foster care through the Village. As alleged in the complaint, the Village did not notify DCF of any of these incidents of abuse because of the possible negative impact on the Village's business.
In 1991, Greene applied to DPH for a license to operate a family day care home. The application was granted by DPH without verification of background information from the Village. Her day care license was subsequently renewed by DPH in 1992, 1993, 1994, 1995 and 1996.
In January of 1992, Greene reapplied with the Village to be a day care provider, which application was approved. Even though the Village received some reports of abuse of children it placed with Greene for day care, the Village failed to notify DCF of the incidents because of the possible negative impact on the Village's business.
There is no claim that the Village placed Raegan McBride in Greene's home for day care or foster care. What is claimed is that the Village failed to report Greene's history of mistreatment of children to DCF. It is alleged that the Village, by failing to report these incidents of abuse, caused DPH "to lack information regarding the conditions at Ms. Greene's or to be able to investigate further such conditions so that it could properly inform plaintiff through its hotline of any complaints."
With respect to DPH, it is alleged that DPH failed to cooperate with DCF and other state agencies in investigating and reporting incidents involving Greene. Further, it is alleged that DPH failed to carry out proper inquiry and investigation of Greene's day care license application and subsequent renewals.
This memorandum of decision addresses only the challenges to those counts alleging violations of the plaintiffs' substantive and procedural CT Page 3853 due process rights.
"The purpose of a motion to strike is to contest . . . the legal sufficiency of the allegations of any complaint . . . to state a claim upon which relief can be granted." Faulkner v. United Technologies Corp.,240 Conn. 576, 580, 693 A.2d 293 (1997). The role of the trial court in ruling on a motion to strike is "to examine the [complaint], construed in favor of the plaintiffs, to determine whether the [plaintiffs] have stated a legally sufficient cause of action." Dodd v. Middlesex MutualAssurance Company, 242 Conn. 375, 378, 698 A.2d 859 (1997). "In ruling on a motion to strike, the court is limited to the facts alleged in the complaint." Faulkner, supra, 580. "A motion to strike is properly granted if the complaint alleges mere conclusions of law that are unsupported by the facts alleged." Novametrix Medical Systems, Inc. v. BOC Group, Inc.,224 Conn. 210, 215, 618 A.2d 25 (1992).
COUNT SIXTEEN
Count sixteen, captioned "42 U.S.C. § 1983", alleges that the Village was acting under the color of state law, that its acts and omissions were a substantial factor leading to the denial of Patrice Ward and Raegan McBride's constitutionally protected liberty and property interests, that its acts and omissions violated Patrice Ward and Raegan McBride's substantive due process rights, and that Patrice Ward suffered damages in her individual capacity due to the Village's acts and omissions.[1] The Village moves to strike this count, claiming that the Village was not acting under color of state law.
42 U.S.C. § 1983 provides, in relevant part, as follows: "Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State . . . subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress. . . ." "[I]n any section 1983 action the initial inquiry must focus on whether the two essential elements to a section 1983 action are present: (1) whether the conduct complained of was committed by a person acting under color of state law; and (2) whether this conduct deprived a person of rights, privileges, or immunities secured by the Constitution or laws of the United States." (Citation omitted; internal quotation marks omitted.) D'Amico v. Johnson, 53 Conn. App. 855, 859-860,733 A.2d 869 (1999).
"[U]nder certain circumstances, the actions of a private individual or entity may be sufficiently related to those of the state so that the CT Page 3854 invocation of . . . 42 U.S.C. § 1983 is appropriate." Gray v. ProjectMore, Inc., 469 F. Sup. 621, 623-624 (D.Conn. 1979). There are four factors to be considered in determining whether a private entity is acting under color of state law: (1) the degree to which the private organization is dependent upon the state for funds; (2) the extent to which the private organization is regulated by the state; (3) the extent to which the private organization serves a public function; and (4) the existence of a symbiotic relationship between the private organization and the state. Rendell-Baker v. Kohn, 457 U.S. 830 (1982).
Construing the allegations of the sixteenth count in the light most favorable to the plaintiff, as the court must do in considering a motion to strike, the court finds that the plaintiff has pleaded that the Village has acted under color of state law and that this conduct has deprived the plaintiff of certain constitutional rights. Proof of "state action" is intensively fact-bound. Accordingly, the court denies the Village's motion to strike count sixteen of the amended complaint.
COUNT THIRTY-TWO
Count thirty-two, captioned "Violations of 42 U.S.C. § 1983
— Substantive and Procedural Due Process Violations", alleges that DPH and the Commissioner of DPH, through their acts and omissions, deprived Raegan McBride and Patrice Ward of their substantive and procedural due process rights. DPH moves to strike count thirty-two, claiming an action for damages pursuant to 42 U.S.C. § 1983 may not be maintained against the state, any agency thereof, or any state officer in his or her official capacity.
The court first notes that this count is unclear as to whether the claim for damages is by one or both plaintiffs. To the extent plaintiff is claiming damages in her capacity as administratrix of the estate of Raegan McBride, the court has previously held that section 52-555 of the General Statutes is the exclusive remedy for her death. Ward v. Greene, No. X04-CV-99-0120118-S (March 8, 2001).
With respect to the claimed injuries to Patrice Ward individually, the United States Supreme Court has clearly stated that "a state is not a person within the meaning of section 1983." Will v. Michigan Department ofState Police, 491 U.S. 58, 64 (1989). Furthermore, "[a] suit against a state official in his or her official capacity is not a suit against the official but rather is a suit against the official's office. (Citation omitted.) As such, it is no different from a suit against the State itself." Id., 71.
The plaintiff claims count thirty-two is not a claim against the state CT Page 3855 because she is seeking injunctive relief. "Of course a state official in his or her official capacity, when sued for injunctive relief, would be a person under section 1983 because `official-capacity actions for prospective relief are not treated as actions against the State.' Kentucky v. Graham, 473 U.S., at 167, n. 14, . . . Ex parte Young, 209 U.S. 123,159-160. . . ." Will v. Michigan Department of State Police, supra, 71 n. 10.
The injunctive relief sought by the plaintiff is found at paragraph 8 of her prayer for relief: "an order requiring The Village and DPH to rectify their internal problems and systematic failings, so that no further children needlessly suffer Raegan McBride's fate." This suit is not, nor does plaintiff claim it to be, a class action. Rather, plaintiff claims that because she has another child who likely will require day care services, she has standing to seek prospective relief.
"A party seeking injunctive relief has the burden of alleging and proving irreparable harm and lack of an adequate remedy at law. . . ."Advest, Inc. v. Wachtel, 235 Conn. 559, 562-563, 668 A.2d 367 (1995) (Internal quotation marks omitted.); Granger v. A. Aiudi Sons,60 Conn. App. 36, 44, 758 A.2d 417 (2000). Plaintiff has not alleged irreparable harm and lack of an adequate remedy at law. She is, therefore, not entitled to prospective injunctive relief.
Accordingly, DPH's motion to strike count thirty-two of the amended complaint is granted.
COUNT THIRTY-THREE
Count thirty-three, captioned "Violations of 42 U.S.C. § 1983
— 42 U.S.C. § 5106a", alleges that DPH's acts and omissions under 42 U.S.C. § 5106a violated Patrice Ward and Raegan McBride's federal rights and constitute a violation of 42 U.S.C. § 1983. DPH moves to strike count thirty-three, claiming this count is duplicative of plaintiff's section 1983 claim and should be stricken for the same reasons it moved to strike count thirty-two.
42 U.S.C. § 5106a, known as the Child Abuse Prevention and Treatment Act ("CAPTA"), requires a state, as a condition of federal funding, to have in place a program that provides for the prompt investigation into reports of abuse or neglect and procedures for the taking of immediate steps to protect children who have been abused or neglected or are at risk of being abused or neglected. Further, the state's plan is to describe the administrative procedures, personnel, training procedures and related programs in effect for dealing with child abuse and neglect cases in order to be eligible for federal funds. CT Page 3856
The plaintiff claims she has a private right of action to enforce the provisions of CAPTA. To the extent plaintiff is claiming damages in her capacity as administratrix of the estate of Raegan McBride, the count is stricken because section 52-555 of the General Statutes is the exclusive remedy for her death. See Ward v. Greene, X04-CV-99-020118-S (March 8, 2001). To the extent count thirty-three is a claim under42 U.S.C. § 1983, the count is stricken for the reasons set forth above when the court granted DPH's motion to strike count thirty-two of the amended complaint.
To the extent the plaintiff, Patrice Ward in her individual capacity, asserts a private right of action under 42 U.S.C. § 5106a, the court finds that she fails to meet the requisite criteria articulated in Wilderv. Virginia Hospital Association, 496 U.S. 498, 508 (1990). The first factor to consider in the determination of whether a private right of action exists under a federal funding statute is whether "the provision in question was intended to benefit the putative plaintiff." (Citations omitted; internal quotation marks omitted.) Id., 509. The court finds that the plaintiff mother, in her individual capacity, is not one of the class for whose benefit the statute was enacted. The CAPTA provisions clearly are intended to provide protection for abused and neglected children. As the court previously held in Ward v. Greene, No. X04-CV-99-0120118-S (March 8, 2001), the parents of such children should not be encompassed within the class because it is often the case that the children need to be protected from the abusive parents. See Zamstein v.Marvesti, 240 Conn. 549, 559-561, 692 A.2d 781 (1997).
Count thirty-three is therefore stricken.
CONCLUSION
For the foregoing reasons, the court denies the Village's motion to strike count sixteen of the amended complaint and grants DPH's motion to strike counts thirty-two and thirty-three of the plaintiffs' amended complaint dated July 27, 2000.
Koletsky, J.